IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LAMAR WILLIAMS,

*Plaintiff*,

v.

Civil Action No. ELH-20-1803

DUNBAR SECURITY SOLUTIONS,

*Defendant*.

## MEMORANDUM

Lamar Williams, the self-represented plaintiff, filed suit against Dunbar Security Solutions ("Dunbar") on July 7, 2020. ECF 1 ("Complaint"). He amended the suit on August 26, 2020, prior to service of the original Complaint. ECF 5 ("Amended Complaint").  The suit is founded on 42 U.S.C. § 1983.  *Id.* at 1.  Williams alleges violations of "Plaintiff's 1st Amendment Constitutional Civil Right to Freedom of Speech" as well as "Section I of the 14th Amendment of the United States Constitution, 42 U.S. Code § 1983, the Civil Rights Act of 1871, 42 U.S. Code § 1985, [and] 42 U.S. Code § 12203." *Id.* at 1-2.

In particular, Williams complains that Dunbar "illegally and unlawfully forbade the Plaintiff from addressing the baltimore county council [sic]…on the evening of July 3, 2017." *Id.* at 1. He also asserts that his suit was timely filed.  *Id.*  Plaintiff seeks "lost income totaling approximately $400,000 and $1,151 x ($3 x $10^6$) in punitive damages to increase by ($3 x $10^6$) for everyday this continues since July 3, 2017." *Id.*

Dunbar has filed a motion to dismiss the suit for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (ECF 10), supported by a memorandum. ECF 10-1 (collectively, the "Motion"). In addition to moving to dismiss the suit, the defendant also urges the Court to declare Williams "a vexatious litigant" and asks the Court to bar him from filing future claims against "Dunbar or

anyone affiliated with Dunbar without court approval." ECF 10-1 at 2. Williams opposes the Motion. ECF 18. Dunbar has not responded, and the time to do so has expired.

The Court takes judicial notice of the fact that this case is one of several related matters that Williams has filed in the District of Maryland.[1] Of particular relevance here, in another case assigned to me, plaintiff sued Dunbar's Chief Operating Officer, Andrew Maggio, among others. *See Williams v. Mayhew, et al*., ELH-18-3545. By Memorandum Opinion and Order of February 13, 2020, I dismissed Maggio from the suit, because Maggio was not a "state actor" for purposes of bringing a suit under 42 U.S.C. § 1983. The Fourth Circuit dismissed plaintiff's appeal. *Id.*, ECF 20.

Plaintiff filed two cases that are closely related to ELH-18-3545. *See Williams v. Gardina et al.*, ELH-18-3623; *Williams v. Baltimore County Government*, GLR-17-0066. Further, in the case of *Williams v. Hanlon et al.*, RDB-19-cv-550, plaintiff sued a host of defendants, including Chief Judge Bredar; Robert Hur, then the U.S. Attorney for the District of Maryland; then Magistrate Judge Stephanie Gallagher; Magistrate Judge Mark Coulson; and Assistant United States Attorney Michael Hanlon. Williams's claims in that case were dismissed by Judge Bennett (ECF 15; ECF 16) and his appeal to the Fourth Circuit was dismissed for failure to prosecute. ECF 23.[2]

---

[1] A court may take judicial notice of matters of public record that constitute adjudicative facts. Fed. R. Evid. 201(b) (stating, in relevant part, that a "court may judicially notice a fact that is not subject to reasonable dispute" because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *see Goldfarb v. Mayor and City Council of Balt.*, 791 F.3d 500, 508 (4th Cir. 2015); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting that "[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records").

[2] Williams was also charged with criminal contempt, in violation of 18 U.S.C. § 401. That case was assigned to Judge Theodore Chuang. *See United States v. Williams*, TDC-18-413. Williams was convicted and sentenced to 47 days of confinement. *Id.*, ECF 107.

No hearing is necessary to resolve the Motion.  *See* Local Rule 105.6.  For the reasons that follow, I shall grant the Motion.

# I.     Factual Background

Plaintiff is a Maryland resident. ECF 5, ¶ 7.  Dunbar is a Maryland based company and, at the relevant time, it had a contract with the Baltimore County government. *Id.* ¶ 6.

Plaintiff alleges that on the evening of July 3, 2017, Dunbar "security guards obstructed" plaintiff "from addressing [the] Baltimore County Council." *Id.* He contends that the "defendants[3] retaliated" and "threatened" plaintiff "with lethal force and brandished their weapons towards" plaintiff "to make an example of the Plaintiff and embarrass the Plaintiff in front of other Baltimore County residents." *Id.* at 2.

According to Williams, the actions undertaken against him on that date "arose from a retaliatory *animus* because he demanded that his natural born rights as a United States citizen be protected and wanted to address the unlawful actions of baltimore county government *et al.* (case no. jkb-17-00066), paul m. mayhew *et al.*(case no. ELH-18-03545), vincent j. gardina *et al.*(case no. ELH-18-03623)." *Id.* at 2 (emphasis in original). Thus, plaintiff claims that Dunbar is "financially responsible for the intentional, reckless, extreme and outrageous actions they took against the Plaintiff." *Id.* ¶ 9.

# II.     Legal Standard

## A.  Motion to Dismiss; Rule 12(b)(6)

As noted, Maggio has moved to dismiss.  A defendant may test the legal sufficiency of a complaint by way of a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  *In re Birmingham*, 846

---

[3] Although plaintiff uses the word "defendants," there is only one defendant in this case.

3

F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom.*, *McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (citation omitted) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."); *see also Paradise Wire & Cable Defined Benefit Pension Plan v. Weil*, 918 F.3d 312, 317 (4th Cir. 2019); *Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). To be sure, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 10 (2014) (per curiam). But, mere "'naked assertions' of wrongdoing" are generally insufficient to state a claim for relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citation omitted).

In other words, the rule demands more than bald accusations or mere speculation.

4

*Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013).  If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient.  *Twombly*, 550 U.S. at 555.  "[A]n unadorned, the-defendant-unlawfully-harmed-me accusation" does not state a plausible claim of relief.  *Iqbal*, 556 U.S. at 678.  Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely."  *Twombly*, 550 U.S. at 556 (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff."  *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. MTA*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011).  But, a court is not required to accept legal conclusions drawn from the facts.  *See Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Glassman v. Arlington Cty.*, 628 F.3d 140, 146 (4th Cir. 2010). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought.  *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Courts generally do not "'resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses'" through a Rule 12(b)(6) motion.  *Edwards*, 178 F.3d at 243 (quoting

*Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)).  However, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)."  *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc); *accord Pressley v. Tupperware Long Term Disability Plan*, 553 F.3d 334, 336 (4th Cir. 2009).  Because Rule 12(b)(6) "is intended [only] to test the legal adequacy of the complaint," *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993), "[t]his principle only applies . . . if all facts necessary to the affirmative defense 'clearly appear[ ] on the face of the complaint.'"  *Goodman*, 494 F.3d at 464 (quoting Forst, 4 F.3d at 250) (emphasis added in *Goodman*).

In evaluating the sufficiency of a complaint in connection with a Rule 12(b)(6) motion, a court ordinarily "may not consider any documents that are outside of the complaint, or not expressly incorporated therein . . . ."  *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013); *see Bosiger*, 510 F.3d 442, 450 (4th Cir. 2007).  However, a court may properly consider documents expressly incorporated by reference into the complaint.  *U.S. ex rel. Oberg v. Pennsylvania Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014) (quoting *Philips v. Pitt Cty. Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)); *see Six v. Generations Federal Credit Union*, 891 F.3d 508, 512 (2018); *Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 508 (4th Cir. 2015); *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014); *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007); *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004), *cert. denied*, 543 U.S. 979 (2004); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

However, "before treating the contents of an attached or incorporated document as true, the district court should consider the nature of the document and why the plaintiff attached it." *Goines*, 822 F.3d at 167 (citing *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 455 (7th Cir. 1998)). "When the plaintiff attaches or incorporates a document upon which his claim is based, or when the complaint otherwise shows that the plaintiff has adopted the contents of the document, crediting the document over conflicting allegations in the complaint is proper." *Goines*, 822 F.3d at 167. Conversely, "where the plaintiff attaches or incorporates a document for purposes other than the truthfulness of the document, it is inappropriate to treat the contents of that document as true." *Id.*

A court may also consider documents submitted by the movant, even if they were not attached to or expressly incorporated in a complaint. However, the document must be "integral to the complaint" and there can be "no dispute about the document's authenticity." *Goines*, 822 F.3d at 166 (citations omitted); *see also Woods v. City of Greensboro*, 855 F.3d 639, 642 (4th Cir. 2017), *cert. denied*, ___ U.S. ___, 138 S. Ct. 558 (2017); *Kensington Volunteer Fire Dep't. v. Montgomery Cty.*, 684 F.3d 462, 467 (4th Cir. 2012). To be "integral," a document must be one "that by its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis in original).

Because Williams is self-represented, his pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, DKC-10-3517, 2011 WL

3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."); *aff'd*, 526 F. App'x 255 (4th Cir. 2013).

## B.  Section 1983 Generally

Plaintiff's suit is predicated on 42 U.S.C. § 1983.   Under § 1983, a plaintiff may file suit against any person who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States.  *See, e.g.*, *Filarsky v. Delia*, 566 U.S. 377 (2012); *see also Owens v. Balt. City State's Attorney's Office*, 767 F.3d 379 (4th Cir. 2014), *cert. denied sub nom. Balt. City Police Dep't v. Owens*, 135 S. Ct. 1893 (2015).  However, § 1983 "'is not itself a source of substantive rights,' but provides 'a method for vindicating federal rights elsewhere conferred.'"  *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see Safar v. Tingle*, 859 F.3d 241, 245 (4th Cir. 2017).  In other words, § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief."  *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).

"The first step in any such claim is to pinpoint the specific right that has been infringed." *Safar*, 859 F.3d at 245.  To state a claim under § 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a "person acting under the color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988); *see Davison v. Randall*, 912 F.3d 666, 679 (4th Cir. 2019); *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011), *cert. denied*, 565 U.S. 823 (2011); *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 (4th Cir. 2009); *Jenkins v. Medford*, 119 F.3d 1156, 1159-60

(4th Cir. 1997).

Section 1983 "does not regulate private conduct." *Peltier v. Charter Day School, Inc.*, ___ F.4th ___, 2021 WL 3483288, at \*4 (4th Cir. Aug. 9, 2021); *see Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). The phrase "under color of state law" is an element that "'is synonymous with the more familiar state-action requirement' for Fourteenth Amendment claims, 'and the analysis for each is identical.'" *Davison*, 912 F.3d at 679 (quoting *Philips*, 572 F.3d at 180); *see also Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 929 (1982). "Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citations omitted). *See also*, *e.g.*, *Edwards v. Wallace Cmty. Coll.*, 49 F.3d 1517, 1523 (11th Cir. 1995) ("The dispositive issue is whether the official was acting pursuant to the power he/she possessed by state authority or acting only as a private individual.").

A person acts under color of state law "only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Of relevance here, a private actor's conduct may be considered state action under § 1983 "if the alleged infringement of federal rights [is] fairly attributable to the State[.]" *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982) (internal quotation marks omitted). In other words, a private party may be "considered a state actor for purposes of § 1983 if 'the deprivation [is] caused by the exercise of some right or privilege created by the State ... [and] the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'" *Gregg v. Ham*, 678

F.3d 333, 339 n. 3 (4th Cir. 2012) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); modifications in *Gregg*).

Notably, "[t]here is no precise formula to determine whether otherwise private conduct constitutes 'state action,'" *Alosoroff v. Nat'l Collegiate Athletic Assoc.*, 746 F.2d 1019, 1021 (4th Cir. 1984), and "no one fact can function as a necessary condition across the board for finding state action." *Brentwood Acad. v. Tenn. Secondary Schs. Athletic Assoc.*, 531 U.S. 288, 295-96 (2001). But, "private activity will generally not be deemed state action unless the state has so dominated such activity as to convert it to state action: Mere approval of or acquiescence in the initiatives of a private party is insufficient." *Philips*, 572 F.3d at 181 (citations and internal quotation marks omitted). "At bottom…the key question remains whether there is a 'close nexus between the State and the challenged action' such that private conduct 'may be fairly treated as that of the State itself.'" *Peltier*, 2021 WL 3483288, at *5 (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349 (1974)).

### III.   Discussion

Dunbar moves to dismiss the suit under Rule 12(b)(6), claiming that Williams has failed to state a claim. ECF 10-1. First, it argues that plaintiff's claims under § 1983, the First Amendment, and the Fourteenth Amendment should be dismissed because Dunbar is not a state actor and was not acting under the color of state law at the relevant time. *Id.* at 3-6. Second, it posits that the additional statutes cited by plaintiff "do not provide for any cause of action or have no connection with the allegations in the Amended Complaint." *Id.* at 6. Third, defendant argues that plaintiff's claims are time-barred by Maryland's three-year statute of limitations. *Id.* at 8.

**A.**

I previously outlined the concept of the "color of law" element.  Dunbar is a private company.  Regarding the distinction between private and state action, the Fourth Circuit explained in *Peltier*, 2021 WL 3483288, at *4:

> That general question [of whether a private actor's conduct may be considered state action for purposes of § 1983] has informed a hodgepodge of cases that lack a neat analytical structure. In some cases, the Supreme Court has reasoned an activity may only be state action when it results from the state's "coercive power" or when the state provides "significant encouragement" of the action. *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982) (holding that Medicaid recipients failed to establish state action in a nursing home's decision to discharge Medicaid patients to lower levels of care because those decisions were made independently by private staff, not the state). Other times, the Court has asked whether a state delegates a constitutional obligation to a private party. *West v. Atkins*, 487 U.S. 42, 54–55 (1988) (holding that a state-contracted physician's treatment of an inmate was state action because the state had a constitutional obligation under the Eighth Amendment to provide medical care to inmates). Similarly, the Court has also inquired whether a state delegates a public function traditionally reserved exclusively to the state. *Rendell-Baker*, 457 U.S. at 842. And finally, the Court has sometimes reasoned that activity "entwined with governmental policies" or actors is state action. *Evans v. Newton*, 382 U.S. 296, 299 (1966); *see also Brentwood Acad. v. Tenn. Secondary Schs. Athletic Assoc.*, 531 U.S. 288, 298 (2001) (holding a school athletic association was a state actor because it was pervasively entwined with public officials).

Plaintiff alleges that Dunbar is a company that was working under a contract with the Baltimore County government. ECF 5, ¶ 6. The fact that a private company performs a public contract, however, does not necessarily render it a state actor for § 1983 purposes. *Philips*, 572 F.3d at 181.  The Complaint contains no facts indicating that the conduct of Dunbar or Dunbar's employees' is "fairly attributable" to the State, so as to trigger potential liability under § 1983.  In other words, the Amended Complaint does not plausibly allege that Dunbar is a State actor or acted under the color of law when it allegedly prevented plaintiff from speaking at the County Council meeting on July 3, 2017. On this basis, Dunbar is entitled to dismissal of the suit.

11

Moreover, as defendant argues, the two federal statutes that Williams cites for relief—42 U.S.C. § 1985 and 42 U.S.C. § 12203—are unrelated to his claims.

Section 1985 of 42 U.S.C. prohibits conduct (1) preventing officers from performing duties; (2) obstructing justice; and (3) conspiracy to enter the premises of another for the purpose of depriving any person of the equal protection of the laws. There are no allegations in the Amended Complaint that Dunbar entered any premises to deny plaintiff equal protection of the laws, that it participated in a conspiracy to this effect, that it obstructed justice, or that it otherwise prevented officers of the United States from performing their duties.

Section 12203 of 42 U.S.C. is a provision of the Americans with Disabilities Act ("ADA") that prohibits retaliation, interference, coercion, or intimidation against individuals with disabilities. Plaintiff fails to make any allegations that would allow him to lodge a claim under the ADA.

**B.**

Even if Dunbar were acting under the color of state law on the relevant date, plaintiff's claims would be barred by the applicable statute of limitations.

The defense of limitations is ordinarily not considered in the context of a motion to dismiss. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999); *Miller v. Pac. Shore Funding*, 224 F. Supp. 2d 977, 985 (D. Md. 2002), *aff'd*, 92 F. App'x 933 (4th Cir. 2004). However, when "it appears on the face of the complaint that the limitation period has run, a defendant may properly assert a limitations defense through a Rule 12(b)(6) motion to dismiss." *Miller*, 224 F. Supp. 2d at 985; *see Pressley v. Tupperware Long Term Disability Plan*, 553 F.3d 334, 336 (4th Cir. 2009); *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc); *Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005).

12

Here, plaintiff's suit makes plain that the events at issue occurred on July 3, 2017. Yet, suit was not filed until July 7, 2017. ECF 1.[4] Section 1983 does not contain a statute of limitations. To determine whether a § 1983 claim was timely filed, courts look to the statute of limitations from the most analogous state-law cause of action. *Owens v. Baltimore City State's Att'ys Off.*, 767 F.3d 379, 388 (4th Cir. 2014), *cert. denied*, 575 U.S. 983 (2015); *see also* 42 U.S.C. § 1988(a) ("[I]n all cases where [the laws of the United States] are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies . . . the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil . . . cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause[.]").

A suit filed pursuant to § 1983 constitutes a personal injury action. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). Under Maryland law, "[a] civil action shall be filed within three years from the date it accrues unless another provision of the Code provides" otherwise. Md. Code (2020 Repl. Vol.), § 5-101 of the Courts and Judicial Proceedings Article ("C.J."); *see Poole v. Coakley & Williams Const., Inc.*, 423 Md. 91, 131, 31 A.3d 212, 236 (2011). And, "the time at which a § 1983 claim accrues 'is a question of federal law.'" *McDonough v. Smith*, ___ U.S. ___, 139 S. Ct. 2149, 2155 (2019) (citation omitted); *see Koch v. Christie's Int'l PLC*, 699 F.3d 141, 157 (2d Cir. 2012) (indicating that the question of accrual of a federal cause of action is decided under federal common law).

In Maryland, limitations statutes "are designed to (1) provide adequate time for diligent plaintiffs to file suit, (2) grant repose to defendants when plaintiffs have tarried for an unreasonable

---

[4] Plaintiff anticipated this contention, as reflected in his suit. *See* ECF 5 at 1.

period of time, and (3) serve society by promoting judicial economy." *Georgia-Pacific Corp. v. Benjamin*, 394 Md. 59, 85, 904 A.2d 511, 526 (2006). And, "[a]s a general rule, the party raising a statute of limitations defense has the burden of proving that the cause of action accrued prior to the statutory time limit for filing the suit." *Newell v. Richards*, 323 Md. 717, 725, 594 A.2d 1152, 1156 (1991).

As noted, Dunbar contends that plaintiff's claims are barred by limitations. Dunbar argues that suit had to be filed by Monday, July 6, 2020, in order to be timely, but it was not filed until Tuesday, July 7, 2020. ECF 10-1 at 8. Plaintiff explains that he mailed the Complaint via FedEx on July 6, 2020. ECF 5 at 1. And, he "prays that" the Court "will accept this complaint as though it were submitted on July 3, 2020." *Id.*

To be sure, plaintiff had ample notice of the events of July 3, 2017, on the date when the incident in issue occurred. Accordingly, plaintiff ordinarily would have been required to file suit by July 4, 2020. That was a Saturday. Moreover, the Court was closed on Friday, July 3, 2020, in observance of Independence Day. And, it remained closed for the weekend, from July 4, 2020 through July 5, 2020.

Under Fed. R. Civ. P. Rule 6, "if the last day" of a filing period "is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." As indicated, the Court was closed from July 3, 2020 to July 5, 2020. But, the Court was open for business on Monday, July 6, 2020. Accordingly, plaintiff's suit was due by that date. Because the Complaint was not received by the Court until July 7, 2020, the suit is barred under C.J. § 5-101.

### IV.    Conclusion

For the aforementioned reasons, I shall grant the Motion (ECF 10) and dismiss the suit.

14

An Order follows.

Date: August 12, 2021                                   _____/s/_____

Ellen L. Hollander
United States District Judge